**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11580

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JEFFREY ALAN BOURASSA,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 4:22-cr-00029-MLB-1

————————————

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Jeffrey Bourassa appeals the district court's denial of his motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). He argues that his sentence should be reduced

pursuant to § 3582(c)(1)(A) because his diagnosis of end-stage renal failure and the severity of his disease constitute extraordinary and compelling reasons for reduction under U.S.S.G. § 1B1.13 and the 18 U.S.C. § 3553(a) factors. For the reasons which follow, we affirm.

We review de novo whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A). *See United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *See id.* A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, commits a clear error of judgment, or makes findings of fact that are clearly erroneous. *See id.*; *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

Notably, the district court's explanation must show that the court had a reasoned basis for its decision. *See United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021). "[E]ven though review is only for abuse of discretion, the district court must still provide us with enough explanation in order to determine whether such an abuse has occurred." *Id.*

In general, a court may not modify a sentence once it has been imposed, except under certain circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021). Either the BOP, or a defendant who has exhausted administrative remedies, may move the court to reduce the term of imprisonment

based on compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g); and (4) a reduction is consistent with applicable Sentencing Commission policy statements. *See United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). District courts need not address these conditions in a specific sequence, as the lack of even one forecloses relief. *See id.* at 1237-38. If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *See id.*

The applicable policy statement for § 3582(c)(1)(A) is contained in U.S.S.G. § 1B1.13. As amended in 2023, § 1B1.13 lists six categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; (4) the defendant was a victim of sexual or physical abuse while in custody; (5) "[o]ther [r]easons"; and (6) an "unusually long sentence."

As relevant here, § 1B1.13(b)(1) includes four ways for the defendant to show extraordinary and compelling reasons for release based on a defendant's medical conditions: (1) the defendant is suffering from a terminal illness, such as metastatic solid-tumor cancer, end-stage organ disease, or advanced dementia, but a specific prognosis of life expectancy is not required; (2) the defendant

is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" (3) the defendant suffers from a medical condition that requires long-term or specialized medical care that is not being provided, and without such medical care, the defendant faces a risk of serious deterioration in health or death; or (4) the defendant is at a facility with an imminent risk of or is affected by an outbreak of an infectious disease or ongoing public health emergency, the defendant is at increased risk of suffering severe medical complications or death because of exposure to the disease because of personal factors, and such risk cannot be adequately mitigated. *See* § 1B1.13(b)(1)(A)-(D).

Our review of the record demonstrates that the district court did not abuse its discretion in denying Mr. Bourassa's § 3582(c)(1)(A) motion because he failed to show an extraordinary and compelling circumstance. First, although Mr. Bourassa has end-stage renal disease which will eventually cause his death absent a kidney transplant, the district court found that the disease is not a terminal illness because his life expectancy of 9 years is beyond the period of his incarceration—which is due to end in June of 2026—and he can receive a kidney transplant upon release from custody. *See* D.E. 75 at 9. Second, the district court found that Mr. Bourassa would not suffer any significant harm from waiting until his release to obtain a transplant. *See id.* at 11. Third, the district

court explained that Mr. Bourassa did not present evidence that his current treatment is ineffective, that his dialysis is creating some other dangerous condition, or that a delay in dialysis from incarceration will negatively impact his health or his ability to get a transplant upon release. *See id.* at 12. Fourth, the district court noted that Mr. Bourassa failed to show that he suffers from a medical condition that substantially diminishes his ability to provide self-care while in prison or requires long-term specialized care that is not being provided and could cause a deterioration in health or death. Mr. Bourassa lives in an acute care unit with 24-hour access to nursing care, a doctor sees him once a month to check on his condition, and the hospital monitors his blood work and medications. *See id.* at 13.

None of these findings is clearly erroneous, and given the range of choice available to it, the district court did not commit a clear error of judgment. Its denial of Mr. Bourassa's motion for compassionate release is therefore affirmed.

**AFFIRMED.**